UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARMAINE FRASER,<br><br>        **Plaintiff,**<br><br>    - against -<br><br>**MTA LONG ISLAND RAIL ROAD,**<br><br>        **Defendant.** | **Case No.:**<br><br><br>**JURY TRIAL DEMANDED**<br><br><br><u>**COMPLAINT**</u> |

Plaintiff, **CHARMAINE FRASER**, by and through her attorneys, **ZABELL & ASSOCIATES, P.C.**, complains and alleges as follows:

## I.  PRELIMINARY STATEMENT

1. Plaintiff brings this civil action seeking declaratory relief, monetary damages and affirmative relief based upon Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. § 2000-(e) et seq. (Title VII), the New York State Human Rights Law (hereinafter "NYSHRL"), N.Y. Exec. Law § 296 and 297, et seq., The New York City Human Rights Law, (hereinafter "NYCHRL"), N.Y.C. Admin. Code § 8-107, et seq., and other appropriate rules, regulations, statutes and ordinances.

## II. JURISDICTION AND VENUE

2. This Court maintains jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331.  This Court has jurisdiction over all state and city law claims brought in this action pursuant to 28 U.S.C. § 1367.

3. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 42 USC § 2000e, et seq.

4. This court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") and originally brought this action within ninety (90) days of the receipt of a Dismissal and Notice of Rights, issued by the EEOC on September 25, 2014; attached hereto as Exhibit "A".

### III.   PARTIES

6. Plaintiff, **CHARMAINE FRASER**, was at all times relevant herein, a domiciliary of the State of New York residing in the County of Suffolk.

7. At all times relevant to the Complaint, Plaintiff has been an "employee" within the meaning of 42 U.S.C. § 2000e (f) and a "person" within the meaning of Section 292(1) of the NYSHRL and Section 8-102(1) of the NYCHRL.

8. Upon information and belief, Defendant **MTA LONG ISLAND RAILROAD** (hereinafter "LIRR" or "Defendant"), is a public benefit corporation existing in the State and City of New York.

9. Upon information and belief, at all times relevant to the Complaint, Defendant has been an "employer" within the meaning of 42 U.S.C. § 2000e(b) and Section 292(5) of the NYSHRL and Section 8-102(1) of the NYCHRL.

### IV.   FACTS

10. Plaintiff repeats and re-alleges each and every allegation contained herein.

11. Plaintiff is female.

12. LIRR is a domestic corporation doing business at Jamaica Station, Jamaica, NY 11435.

13. Plaintiff was hired by Respondent in 2000 as an Assistant Conductor.

2

14. In 2001, Plaintiff was promoted to Assistant Station Master.

15. In 2009, Plaintiff was promoted to General Station Master.

16. Throughout the term of Plaintiff's employment with LIRR, Plaintiff consistently exceeded the requirements of her assigned positions.

17. Despite this fact, Plaintiff was subjected to unlawful discrimination and harassment based upon her gender.

18. During the term of her employment with Respondent, Plaintiff has been paid less than her similarly situated male comparators based on her gender.

19. Plaintiff complained about this discriminatory treatment to Respondent, with no resulting change in her salary.

20. Respondent willfully refused to remedy inequalities in pay between male and female employees.

21. During the term of her employment with Respondent, Plaintiff has also been subjected to unlawful discrimination and a hostile work environment predicated upon her gender.

22. On February 27, 2012, Plaintiff filed a verified complaint with the New York State Division of Human Rights charging Respondents with an unlawful discriminatory employment practice based on her age, race/color, sex and my opposition to discrimination/retaliation in violation of N.Y. Exec. Law, Art. 15 ("Human Rights Law") (NYSDHR Case No. 10153567).

23. Plaintiff's New York State Division of Human Rights charge was cross-filed with the Equal Employment Opportunity Commission. (EEOC Charge No.: 16GB201914)

24. On April 24, 2012, less than two (2) months after filing of her charge of discrimination, Plaintiff was notified by J.R. Brooks that she was being stripped of responsibilities and reassigned to the position of Manager Hours of Service.

25. On October 23, 2012, Plaintiff was issued a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.

26. On November 21, 2012, Plaintiff filed a Complaint against Respondent in the United States District Court, Eastern District of New York for Respondent's violations of Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. § 2000-(e) et seq., the New York State Human Rights Law, N.Y. Exec. Law § 296 and 297, et seq., the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107, et seq., and other appropriate rules, regulations, statutes and ordinances.  On February 3, 2013, Plaintiff amended this Complaint to include violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq., as amended by the Equal Pay Act, 29 U.S.C. § 206(d) and the New York State Equal Pay Law, New York Labor Law § 194. (Case No.: 12-CV-22379 (SLT)(CLP))

27. This action is currently pending in the Eastern District of New York.

28. On July 7, 2012, Plaintiff applied for the position of Lead Transportation Manager.  On September 28, 2012 Plaintiff received a letter denying her the opportunity to interview for the position because she had not been in her current position for (12) twelve months immediately preceding the job positing close date.

29. When Plaintiff inquired into this response, she was informed that she was also denied an interview because she was on a "performance improvement plan." Despite her inquiry, she was never provided an explanation as to what actions occurred that warranted her placement on a "performance improvement plan."

30. On September 27, 2012, Plaintiff applied for the available position of Manager of Customer Service and Terminal Operations and she did not receive a response from Respondent regarding the status of this application.

31. As of April 25, 2013, Plaintiff had been in her position of Manager Hours of Service for (12) twelve months and, therefore, she was eligible to interview for new positions.

32. On September 23, 2013, Plaintiff applied for the position of Superintendent. The posting for this position closed on September 27, 2013 and, again, she did not receive a response from Respondent regarding the status of this application.

33. On January 31, 2014, in response to a job posting, Plaintiff applied for the position of Manager of Customer Service and Terminal Operations, for which she satisfied all qualifications and requirements.

34. On February 21, 2014, Plaintiff received a letter from Mary L. Centauro, Human Resources Business and Retirement Services Director, stating "it has been determined that you do not meet the requirements listed in the bulletin due to attendance. Therefore, we will not be able to offer you an interview for this position."

35. The content of the letter is materially false and pretextual. Plaintiff was never informed that she had attendance issues, nor has she received any warning to that effect.

36. On July 15, 2014, in response to a job posting, Plaintiff applied for the position of Manager-Transportation Crew Management Services, a position for which she satisfied all qualifications and requirements.

37. On or about August 2, 2014, Plaintiff received a letter from Lucille Marino dated July 25, 2014, stating ". . . it has been determined that you do not meet the requirements listed in the bulletin due to your attendance record. Therefore, we will not be able to offer you an interview for this position."

38. The content of this letter is also false and pretextual. Again, Plaintiff was never informed that she had attendance issues, nor has she received any warning to that effect.

39. Based upon her previous complaints of discrimination against Respondent, the treatment to which she was subjected, and Respondents' response (or lack thereof) to her past applications for available positions, Plaintiff has been unlawfully retaliated against by being denied the opportunity to interview for available positions for which she was qualified.

40. Based upon the above described actions, Plaintiff was discriminated against because of her gender, subjected to a hostile work environment predicated upon her gender, and retaliated against for engaging in statutorily protected activity.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(TITLE VII -RETALIATION)

41. Plaintiff repeats and re-alleges each and every allegation contained herein.

42. Plaintiff was retaliated against by Defendant in response to her lawful complaints to the Equal Employment Opportunity Commission and the subsequent filing of her federal court lawsuit regarding the acts of gender discrimination to which Plaintiff was subjected, as stated above, which collectively resulted in Plaintiff being subjected to materially adverse employment actions.

43. As a proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer substantial loss of future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

44. As a further proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages. Therefore, Plaintiff is entitled to equitable and injunctive relief, attorneys' fees, and an award of punitive and compensatory damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
(NYSHRL RETALIATION)

45. Plaintiff repeats and re-alleges each and every allegation contained herein.

46. Plaintiff was retaliated against by Defendant in response to her lawful complaints to the New York State Division of Human Rights and the subsequent filing of her Federal lawsuit regarding the gender discrimination to which Plaintiff was subjected, as stated above, which collectively resulted in Plaintiff being subjected to materially adverse employment actions.

47. As a proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer substantial loss of future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

48. As a further proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages. Therefore, Plaintiff is entitled to equitable and injunctive relief, and compensatory damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
(NYCHRL RETALIATION)

49. Plaintiff repeats and re-alleges each and every allegation contained herein.

50. Plaintiff was retaliated against by Defendant in response to her lawful complaints to New York State Division of Human Rights, Equal Employment Opportunity Commission and the subsequent filing of her Federal lawsuit regarding the gender discrimination to which Plaintiff was subjected, as stated above, which collectively resulted in Plaintiff being subjected to materially adverse employment actions.

8

51. As a proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer substantial loss of future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

52. As a further proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages. Therefore, Plaintiff is entitled to equitable and injunctive relief, attorneys' fees, and an award of punitive and compensatory damages in an amount to be determined at trial.

## VI.   DEMAND FOR JURY TRIAL

53. Plaintiff repeats and re-alleges each and every allegation contained herein.

54. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the discriminatory conduct and actions of the Defendant herein alleged, Plaintiff demands:

a.   On each Claim for Relief, ordering Defendant to pay Plaintiff front pay, and all benefits which would have been afforded Plaintiff but for said discrimination;

b.   Enjoining Defendant, its agents, employees, officers, and successors in interest, from engaging in the illegal and unlawful customs, policies, and practices described herein;

c.   Awarding Plaintiff compensatory and punitive damages, where applicable by statute, in an amount to be determined at trial;

d.   Defendant be ordered to pay Plaintiff pre and post judgment interest;

e.   Defendant be ordered to pay the costs and disbursements of this action, including

Plaintiff's attorneys' fees; and

f.   Awarding Plaintiff such other and further relief as the court deems just and proper.

Dated: Bohemia, New York
       December 11, 2014

ZABELL & ASSOCIATES, PC
*Attorneys for Plaintiff*

By: _____

Saul D. Zabell, Esq.
ZABELL & ASSOCIATES, P.C.
1 Corporate Drive, Suite 103
Bohemia, NY 11716
Tel. (631) 589-7242
Fax (631) 563-7475
SZabell@laborlawsny.com

10